Follett, J.
The pleadings in the case are indefinite as to the issues intended to be made, or that were tried. The record does not show at what time the grades of the streets were established, or what they are, or when the system of drainage was adopted, or what it is. And it does not appear that the gutters or drains 'when made, and for years thereafter, were not more than sufficient to carry off the water from this lot and its surroundings during even the most severe storms of rain; but it does appear by Spence’s testimony that an increased accumulation of water about this lot and building was caused by reason of the improvements of the private lots of individual owners. And if does not appear that the lot, or the street, or gutters were up to the established grade. The record shows but a part of the testimony, and the charge of the court.
Among other things the court charged the jury that, “ The law authorized the defendant to establish and fix such grades for the streets and gutters in the territory aforesaid, as to it seemed fit and proper, and it might by so fixing and establishing of said streets and gutters conduct the water that falls on said territory to the intersection of Yellow-Springs and Main streets, if it saw proper so to do, whether the water that fell on said territory, without such grades, would have naturally flowed to that point or not, but if the water that fell on that territory, or a part thereof, without such grades, would not have flown to the intersection of Yellow Springs and Main streets adjacent to plaintiff’s lot, and by such fixing and establishing of such grades by the defendant, it was made to flow to that point-, the defendant was bound when it reached that point to so take care of it, as to prevent it from injuring plaintiff’s lot, and if the defendant failed to so take care of it at that point as to prevent it from injuring the plaintiff’s lot, and it did injure the plaintiff’s lot, the .defendant is liable to the plaintiff for such injury.”
*669 •But, on request of the city, the court refused to charge the jury that, “ The city council had the legal authority to establish a system of drainage from and along the streets of the city of Springfield, and to fix the grades of the streets of said city; and if the jury find that the drains established by said council became inadequate after they were established and constructed to carry off the surface water accumulated therein by reason solely of the increased quantity of surface water caused to flow into the same, in consequence of improvements made by owners of lots in said city adjacent to the said streets, then the plaintiff cannot recover for any injury to his property arising from such inadequacy of said drains to carry off such water and prevent plaintiff’s premises from being overflowed.”
The duty of providing a system of drainage, is one requiring the exercise of deliberation, judgment and discretion, and is judicial in its nature. For failure in the performance of such duties no action lies. There is no complaint that the ministerial part of providing the gutters was not well done when they wTere provided. The charge, as given, and as refused, would hold the city liable for damages done to this hitherto vacant lot and the building just erected' thereon, for failing to take care of the increased amount of surface water, by.enlarging the capacity of drains, which had become inadequate, by reason, solely, of the increased quantity of surface water caused to flow into them in consequence of improvements made upon lots adjacent to the streets. This view is not supported by the weight of authority, or by correct policy and sound reason. In Carr v. Northern Liberties, 35 Pa. St. 324, the Supreme Court of Pennsylvania says, ‘‘ A municipality having power to grade its streets, is not responsible in damages for an injury sustained by a citizen, in consequence of the particular grade adopted. Nor is it liable for neglecting to provide a sufficient number of inlets to its sewers, which were sufficient when constructed, but have ceased to be so, in consequence of the increase of population and the greater extent of territory graded and built npon.” And this case is approved by Judge Sharswood, in Grant v. *670 City of Erie, 69 Pa. St. 422, and by Judge Agnew in Allentown v. Kramer, 73 Pa. St. 409. The case of Mills & Dean v. City of Brooklyn, 32 N. Y. 489, goes beyond this case. In that case the Court of Appeals says, “ A. municipal corporation is not liable to a private action for damages accruing for not providing sufficient sewerage for draining the plaintiff’s promises. Where the authorities of a city caused a sewer to be constructed for a locality which included the plaintiff’s premises, but which, though not in itself a nuisance, was insufficient to carry off the water, held, that the city corporation was not responsible for plaintiff’s damage, occasioned by the overflowing.”
And in Atchison v. Challiss, 9 Kan. 603, the supreme court says, “ Where a city constructs a sewer or drain for the purpose of carrying off surface water, it is not bound to construct such a sewer or drain as will be sufficient to carry off all the snrfaee water, in all cases and under all circumstances.” And in delivering that opinion the Court said, “ If a city is not bound to construct a drain of any kind, by what system of reasoning can it be made to appear that if it shall construct a drain it must construct one that shall be sufficient in all cases, and for every emergency?”
So, also, in Fair v. City of Philadelphia, 88 Pa. St. 309, where it was sought to recover damages by reason of the insufficiency of a public sewer to carry off surface water, the court says, “Where the sewers were not defectively constructed or left out of repair, the municipality cannot be made responsible for an error in the judgment of the city authorities as to the size a sewer should have been constructed.” The mere omission of municipal authorities to provide adequate means to carry off the water which storms and the natural formation of the ground throw on a city lot, will not sustain an action by the owner thereof against the municipality, for damages arising from the accumulation of water on said lot, by reason of the construction of a sewer, that was not of sufficient size to carry off the surface drainage.” See also City of Denver v. Capelli, 4 Col. 25.
Where the drainage is by gutters there is less reason for strictness in holding cities liable, than where the drainage is by sewers.
*671 The city must keep its drainage in good condition. Surface water is a common enemy in a city.
The owner of private lots can raise the same to grade if he so desires, and can thus keep out-all surface-water ; but the municipal government has neither the interest nor the light thus to improve and protect private property. If the city could thus improve private lots, its power might become oppressive; and if the private person could thus compel the city to care for his private interests, its weakness might become ruinous. The law protects each in the proper exercise of rights, and excuses many omissions.
Judge Cooley in his work on Torts says, on' page "620 “ One shows no ground of action whatever when he complains that he has suffered damage .... because the drains which it (the city) orders and constructs are insufficient to carry off the surface water. ”
There was error in the district court in affirming the judgment of the court of common pleas, and the same is ^reversed, and the cause is remanded to the court of common pleas for further proceedings.

Judgment aeeordingly.